### D. H. Evans *vs.* Henry Smith and others.

### February 27, 1890.

**Chattel Mortgage—Acknowledgment—Notarial Seal.**—Where a certificate of acknowledgment was duly signed by a notary public, and his notarial seal was impressed upon the same paper, but "on the opposite side and end thereof," but plainly visible, and there was but one certificate to which the seal could be made applicable, *held* a sufficient authentication.

Action brought in the district court for Lyon county, for the conversion of two horses, claimed by both parties under chattel mortgages from the same mortgagor, that to defendants being the earlier. The issue of value was tried by a jury, who found the value to be $96.75. The other issues were tried by *Webber*, J., upon whose findings a judgment was entered for defendants, from which the plaintiff appeals.

*H. C. Grass* and *Daniel Rohrer*, for appellant.

*F. S. Brown,* for respondents.

VANDERBURGH, J.   The legal question presented here is whether the certificate of acknowledgment of the chattel mortgage set forth in the record is properly authenticated, and arises upon the following finding of the court: "The mortgage is written upon one side of a sheet of paper, and is in proper form.   Upon the other side of the sheet is a certificate of acknowledgment in proper form, and duly and officially signed by a notary public, but no notarial seal is impressed upon the side of said sheet on which said certificate of acknowledgment is written; but said seal is impressed upon the other side, that upon which the mortgage is written, and the impression thereof is distinctly visible through the sheet, and upon the side containing the certificate of acknowledgment, but at the opposite end of the sheet."   There is no other certificate on the paper to which the notarial seal could be made applicable.   It must be referred to, and be deemed to be the authentication of, the notary's certificate upon the same paper.   The legal intendment from the record will be that the notary used his seal for such purpose in the discharge of his official duty.

Judgment affirmed.